## CHICAGO, R. I. & G. RY. CO. v. WHORTON. (No. 1071.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1916. Rehearing Denied Jan. 24, 1917.)

1. APPEAL AND ERROR ⬤➡758(2)—BRIEFS—STATEMENT OF FACTS.

A brief which in its statement merely said that the trial court's charges were "duly excepted to" is disapproved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. ⬤➡758(2).]

2. APPEAL AND ERROR ⬤➡1170(5)—REVERSAL—TECHNICAL ERRORS—RULE OF COURT—"EN ROUTE"—VARIANCE.

There is no substantial variance between allegations that defendant railway company failed to furnish proper food, water, and rest to live stock "en route" and proof that they were held on cars at destination without such facilities under Supreme Court rule 62a (149 S. W. x), prohibiting reversal, except for error probably resulting in an improper judgment, etc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4066, 4542; Dec. Dig. ⬤➡ 1170(5).]

Appeal from Sherman County Court; C. H. Rowland, Judge.

Action by W. A. Whorton against the Chicago, Rock Island & Gulf Railway Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

For decision on motion to strike exceptions from transcript, see 188 S. W. 949.

Lassiter, Harrison & Rowland, of Ft. Worth, and R. E. Stalcup, of Dalhart, and J. Y. Powell, of Houston, for appellant. Stahl & Elliott, of Stratford, for appellee.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HENDRICKS, J. [1] The liberality of this court in passing upon inadequate briefs is often strained to the limit. For example, in this brief appellant, in challenging the court's instructions by certain assignments, simply says in substance in its statements that the charges were "duly excepted to." The function of a brief is to lighten the labors of an appellate court. Of course, the record should be succinctly abridged, but at the same time the statement should adequately present the record as a basis for the consideration of the assignment and the proposition. It is true in this brief the propositions may suggest the exception, but the statement performs a distinct office, one of verification, often overlooked in many briefs.

[2] We have, however, examined the record, and would not reverse this case upon the points suggested applying rule 62a (149 S. W. x).

The only assignment necessary to particularly mention is the complaint of the refusal of the trial court to exclude from the jury, suggested by a specially requested charge, any damages on account of failing to furnish "proper feeding and watering facilities" at Texhoma, the place of the destination of the cattle. Plaintiff's petition alleged generally that the cattle had been "en route" with "food, water and rest for 42 hours at least * * * and without proper facilities furnished to plaintiff," etc.

The expression "en route" probably, in a literal sense, means "on the way"; but the allegations were broad enough, we think, to convey the meaning of the pleader that he was claiming damages to the cattle for the transportation of same during the time that the carrier, under the law, had the same under its control, especially as applied to the facts. Plaintiff testified that the cattle stood in the cars about five hours after arrival at Texhoma, and while they were still on the cars at that place he demanded of the agent water for his cattle, and that none was furnished him; neither did the defendant have facilities for that purpose.

Affirmed.